IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK MULLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-394-F |
| | ) | |
| SIEJA, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Patrick Mullins, a federal prisoner proceeding *pro se*, has filed a complaint pursuant to 28 U.S.C. § 2241. (ECF No. 1). U.S. District Judge Stephen P. Friot has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Court should **TRANSFER** this action, for lack of jurisdiction, to the U.S. District Court for the Middle District of Florida.

In the Petition, Mr. Mullins is challenging three disciplinary convictions he received while incarcerated in the "FCI - El Reno," Oklahoma. (ECF Nos. 1:2). As relief, Mr. Mullins seeks the Court "to grant Judgement[sic] for me....to reclassify [me] Petitioner to a Medium Security Federal Correctional Facility". (ECF No. 1:8).

## TRANSFER OF THE PETITION

The disciplinary convictions at issue occurred on July 6, 2016, August 13, 2016 and August 26, 2016, while Mr. Mullins was housed in El Reno, Oklahoma, located in the Western District of Oklahoma. (ECF No. 1:2). Petitioner is a federal inmate currently incarcerated in the U.S. Penitentiary, Federal Correctional Complex, Coleman, Florida. (FCC-Coleman). FCC Coleman is located within the territorial jurisdiction of the U.S.

District Court for the Middle District of Florida. 28 U.S.C. § 116(b). Jurisdiction over this action exists solely in that court. *See Haugh v. Booker,* 210 F.3d 1147, 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."); *Griggs v. United States*, 79 F. App'x 359, 363 (10th Cir. 2003) ("[B]ecause plaintiff is currently confined at the FMC in Fort Worth, Texas, we [ ] conclude that plaintiff was required to file his [§ 2241] petition in the United States District Court for the Northern District of Texas, and that the Oklahoma district court therefore did not have jurisdiction to decide plaintiff's petition[.]") (internal citation omitted).[1]

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh,* 210 F.3d at 1150 (internal citation omitted). To determine whether a transfer would be in the interest of justice, the Court may take "a peek at the merits" to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed. *Id.* In the instant case, Mr. Mullins alleges: (1) a denial of procedural and/or substantive due process in three disciplinary hearings and (2) retaliation. (ECF No. 1:7-8). At this juncture, the Court does not have enough information to determine the potential merit of Mr. Mullins' allegations. That determination must be

---

[1]  Jurisdiction is proper in the Middle District of Florida, even though the disciplinary conviction occurred in the Western District of Oklahoma. *See Howard v. U.S. Bureau Of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (rejecting argument that the District Court of Kansas lacked jurisdiction over a § 2241 petition because the underlying events occurred in Colorado because at the time of filing, the petitioner was incarcerated in Kansas).

made by the Middle District of Florida in the first instance, following the Court's transfer of the petition.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Court **TRANSFER** the Petition **(ECF No. 1)** for lack of jurisdiction to the U.S. District Court for the Middle District of Florida. In light of this recommendation, Petitioner's Motion for Leave to File List of Exhibits (ECF No. 2), Motion to Proceed *In Forma Pauperis* (ECF No. 5) and Motion to Compel (ECF No. 7) should be left for consideration by the transferee Court.

The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 17, 2018** in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on April 30, 2018.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE